John Kauffman (SBN 302422)
john.kauffman@lawhq.com
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Joshua Champion, Asif Lundstrom, Todd Horne, Toni Kirk, Rosie Clarke, Benjamin Kelley, Peter Richardson, Teresa Alley, Scott Hall, Denise King, Tia West, Eric Peterson, Tammarrah Morris, Lynn Brown, and Nick Miller<br><br>Plaintiffs,<br><br>v.<br><br>Michael Boehm, and Hosting Response, LLC<br><br>Defendants. | Case No.: 2:22-cv-05840-FLA-KS<br><br>JOINT RULE 26(f) REPORT FOR SCHEDULING CONFERENCE<br><br>Date:   December 2, 2022<br><br>Time:   1:00 P.M. |

a. **Statement of the Case:**
Plaintiffs are fifteen individuals who allege they have received unwanted unsolicited telemarketing text messages from Defendants Michael Boehm and Hosting Response, LLC.  The messages were allegedly sent in violation

1

of multiple provisions of the Telephone Consumer Protection Act, as well as an Intrusion upon the Seclusion of Plaintiffs as set forth in common law.

Cumulatively, the total number of alleged messages exceeds 1,700 that Plaintiffs' counsel was aware of at the time the Complaint was prepared. Plaintiffs have provided a breakdown of those messages that were known of at the time as Exhibit A to the Second Amended Complaint (Doc.34 -1).

Subsequent to the preparation of the complaint, Plaintiffs have allegedly received additional telemarketing text messages that they contend were initiated by Michael Boehm and Hosting Response, LLC., many of them continuing at the present time, while the litigation is pending. Defendants deny Plaintiffs' allegations.

The TCPA provides for statutory damages and injunctive relief as remedies. The statutory damages range from $500 to $1,500 per violation, depending on whether the messages were sent willfully.  Further, Plaintiffs seek punitive/exemplary damages, triggering legal issues about intent and the relative wealth of the Defendant(s), a proposition that Defendants dispute.

The telemarketing text messages at issue generally contain a link sending the recipient of the message to a website, but do not identify the sender of the message as is required under the TCPA.  The lack of identification itself is a

violation of 47 CFR 1200(d). Additionally, the lack of identification makes identifying the sender more complex, leading to evidentiary questions that generate a need for discovery from third parties such as telephone carriers, internet service providers, internet domain registrars, etc. in order to determine who sent any given message.

### b. Subject Matter Jurisdiction

Federal jurisdiction is based upon a federal question. There are three causes of action cited based on violations of the Telephone Consumer Protection Act. 47 U.S.C. 227 and 47 C.F.R. 64.1200. There is one cause of action based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for state claims based on common law tort of intrusion upon seclusion.

### c. Legal Issues

The legal issues presented in this case include: (i) whether the TCPA applies to any alleged activities of Defendants; (ii) whether Defendants have violated the TCPA by allegedly initiating the unwanted text messages sent to Plaintiffs; and (iii) whether Defendants are liable for damages under the TCPA and/or other legal claims asserted against them.

### d. Parties and Evidence
  a. Plaintiffs

      i. Joshua Champion,

     ii. Asif Lundstrom,

    iii. Todd Horne,

    iv. Toni Kirk,

     v. Rosie Clarke,

    vi. Benjamin Kelley,

   vii. Peter Richardson,

  viii. Teresa Alley,

    ix. Scott Hall,

     x. Denise King,

    xi. Tia West,

   xii. Eric Peterson,

  xiii. Tammarrah Morris,

  xiv. Lynn Brown,

   xv. Nick Miller,

b. Defendants

      i. Michael Boehm

     ii. Hosting Response, LLC

c. Documents

      i. Records and communications of telephone carriers, internet domain registrars, affiliate networks, etc.

      ii. Documents describing the date, time, and substance of the text messages in question

      iii. Documents confirming the registration of Plaintiffs telephone numbers on the National Do Not Call Registry

e. **Damages**

Plaintiffs allege damages in the range of $1,000,000.00 to $36,000,000.00, including punitive/exemplary damages. Defendants deny that they are liable for such damages.

f. **Insurance**

Defendants have not identified any insurance carrier or policy that would provide coverage for the claims asserted in this litigation.

g. **Motions**

Plaintiffs contend that the conduct at issue in the complaint is ongoing. In addition to messages continuing to be sent to the Plaintiffs, Plaintiffs' counsel contends that it is aware of numerous other persons that have also allegedly received text messages from the Defendants. In addition to damages, the complaint seeks injunctive relief. Plaintiffs may file a

motion(s) seeking a temporary or preliminary injunction to be implemented during the pendency of this action.

Defendants will file a Motion to Dismiss in response to Plaintiffs' recently filed Second Amended Complaint on or before December 2, 2022 pursuant to this Court's order. In the event Defendants' Motion to Dismiss were to be granted, Plaintiffs would seek to amend the Complaint consistent with such ruling.

The parties currently have one pending discovery dispute. Prior to Defendants appearing in the action, Plaintiffs served at least 35 subpoenas on third parties. Prior to formal discovery being allowed to commence under the Federal Rules of Civil Procedure, Defendants inquired about Plaintiffs producing copies of those subpoenas and all produced responsive documents. Plaintiffs are concerned about any work product being part of the subpoena related documents and have been hesitant to produce them prior to discovery commencing. Plaintiffs are offering to provide the subpoenas and responsive documents after they have been reviewed for privilege and non-responsiveness. Defendants contend that all subpoenas and documents produced in response to those subpoenas are discoverable. As such, Defendants may file a motion to compel such records and seek sanctions pending further discussion by the parties on this issue.

h. **Dispositive Motions**

At this point in time, the parties are unable to determine whether dispositive motions will be filed by either or both sides. The parties intend to reassess the filing of such motions following discovery efforts.

i. **Manual for Complex Litigation**

At this point in time, the parties do not anticipate any need for the Manual for Complex Litigation.

j. **Status of Discovery**

On November 16, 2022, the parties conducted their Rule 26 conference. The parties have not yet engaged in party-directed written discovery or depositions, but anticipate commencing such activities immediately. As addressed above, the parties are currently discussing resolution of a dispute regarding the extent to which Defendants are entitled to the subpoenas and responses thereto that were propounded prior to Defendants appearing in the case.

k. **Discovery Plan**

Plaintiffs believe that the numerical limits on Interrogatories under FRCP 33 and Requests for Admission under FRCP 36 should be extended. The reason for this is that the case involves 15 individual persons who collectively have received in excess of 1,700 text messages, each of which

Plaintiffs contend violate law in 1 or more ways. The identification of the source of the messages has involved numerous websites, phone numbers, domains, affiliate networks, etc. Accordingly, Plaintiffs estimate that they will need approximately 100 interrogatories and somewhere between 200 and 2000 Requests for Admission. The Requests for Admission specifically will assist in narrowing issues such that the parties and the Court will expend fewer resources investigating and presenting proof of the source of messages not in dispute.

Defendants do not believe any modification to the discovery limits set forth in the Federal Rules of Civil Procedure are warranted other than the allowance of additional depositions to accommodate the number of named Plaintiffs (i.e., a total of 15 depositions).

**l. Discovery Cut-off**

See the attached Schedule of Pretrial and Trial Dates Worksheet.

**m. Expert Discovery**

See the attached Schedule of Pretrial and Trial Dates Worksheet.

**n. Settlement Conference/ADR**

The parties have initialed informal settlement discussions, but have not reached any resolution.

The parties are both agreeable to the referral to the magistrate judge for a settlement conference.

o. **Trial Estimate**

The parties estimate 15 to 20 trial witnesses.

Plaintiff estimates 5 to 8 days for trial. Defendants estimate no more than 4 days of trial.

Plaintiffs believe the trial will exceed 4 days because there are 15 individual plaintiffs who collectively contend that they have received in excess of 1,700 text messages from Defendants that Plaintiffs contend are each in violation of the TCPA and other law and contend that they continue to receive such messages from Defendants.

p. **Trial Counsel**

    a. John Kauffman, trial counsel for Plaintiffs

    b. David Lee and Jennifer Meeker, trial counsel for Defendants

q. **Independent Expert of Master**

At this point the parties do not seek the appointment of a master, but they are open to revisiting the issue in the future.

r. **Schedule Worksheet**

See below

s. **Other Issues**

Plaintiffs contends that given the number of text messages at issue that each are alleged to be in violation of the TCPA, the case may involve voluminous document production.

Defendants have not identified any additional issues beyond those addressed in this Report.

**DISTRICT JUDGE FERNANDO L. AENLLE-ROCHA**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report. The parties must make every effort to agree on dates or the court will set them.

| Case No. | Case Name: | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one:   X Jury Trial   or   ☐ Bench Trial<br>[Tuesday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration: __5-8____ Days | | 1/16/24 | 3/19/24 |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine<br>[Friday at 3:00 p.m. at least 18 days before trial] | | 12/29/23 | 3/1/24 |
| **Event[1]**<br>Note: Hearings shall be on Fridays at 1:30 p.m. Other dates can be any day of the week. | **Time Computation[2]** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | 91 days after scheduling conference | 3/3/23 | 3/3/23 |
| Fact Discovery Cut-Off [Friday]<br>(no later than deadline for filing dispositive motion) | 17 weeks before FPTC | 7/21/23 | 11/3/23 |
| Expert Disclosure (Initial) | 16 weeks before FPTC | 8/6/23 | 11/10/23 |
| Expert Disclosure (Rebuttal) | 14 weeks before FPTC | 9/22/23 | 11/24/23 |
| Expert Discovery Cut-Off | 12 weeks before FPTC[3] | 10/6/23 | 12/8/23 |
| Last Date to Hear Motions [Friday]<br>  Rule 56 Motion due at least 5 weeks before hearing<br>  Opposition due 2 weeks after Motion is filed<br>  Reply due 1 week after Opposition is filed | 8 weeks before FPTC | 11/3/23 | 1/5/24 |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>  Select one:   ☐ 1. Magistrate Judge (with Court approval)<br>                    ☐ 2. Court Mediation Panel<br>                    ☐ 3. Private Mediation | 5 weeks before FPTC | 11/17/23 | 1/26/24 |

---

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.

[2] The numbers below represent the court's recommended timeline.  The parties may propose alternate dates based on the needs of each individual case.  Class Actions, patent, and ERISA cases may need to vary from the above.

[3] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.

| | | | |
|---|---|---|---|
| Trial Filings (first round) [Friday]<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 12/1/23 | 2/2/24 |
| Trial Filings (second round) [Friday]<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 12/15/23 | 2/16/24 |

All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

| | |
|---|---|
| LawHQ, PC | NOSSAMAN LLP |
| /s/ John Kauffman<br>John Kauffman<br>Attorney for Plaintiffs | /s/ David C. Lee<br>David C. Lee<br>Attorneys for Defendants |