NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
JENNIFER L. MEEKER (SBN 260138)
jmeeker@nossaman.com
JAMES H. VORHIS (SBN 245034)
jvorhis@nossaman.com
SETH M. GOLDSTEIN (SBN 232071)
sgoldstein@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:  415.398.3600
Facsimile:415.398.2438

Attorneys for Defendants MICHAEL BOEHM
and HOSTING RESPONSE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSHUA CHAMPION, ASIF LUNDSTROM, TODD HORNE, TONI KIRK, ROSIE CLARKE, BENJAMIN KELLEY, PETER RICHARDSON, TERESA ALLEY, SCOTT HALL, DENISE KING, TIA WEST, ERIC PETERSON, TAMMARRAH MORRIS, LYNN BROWN, and NICK MILLER,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL BOEHM, and HOSTING RESPONSE, LLC,<br><br>Defendants. | Case No:   2:22-cv-05840-FLA-KS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>[Filed concurrently with Proposed Order]<br><br>Honorable Fernando L. Aenlle-Rocha<br><br>Date:      January 6, 2023<br>Time/Place: 1:30 p.m.<br>Courtroom: 6B<br><br>Date Action Filed:  August 26, 2022 |

PLEASE TAKE NOTICE that on January 6, 2023, at 1:30 p.m. in Courtroom 6B, 6th Floor, 350 West 1st Street, Los Angeles, California 90012, of the Honorable Fernando L. Aenlle-Rocha, or as soon thereafter as may be heard, Defendants Michael Boehm and Hosting Response, LLC ("Defendants") will request the Court to dismiss the Second Amended Complaint (the "SAC") filed on November 11, 2022 by Plaintiffs Joshua Champion, Asif Lundstrom, Todd Horne, Toni Kirk, Rosie Clarke, Benjamin Kelley, Peter Richardson, Teresa Alley, Scott Hall, Denise King, Tia West, Eric Peterson, Tammarrah Morris, Lynn Brown, and Nick Miller ("Plaintiffs") in the above-captioned action (the "Action").

Specifically, Defendants hereby move to dismiss the SAC pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) on the grounds that the SAC fails to state a claim upon which relief may be granted.

The Court should dismiss the SAC for the following reasons: First, the SAC impermissibly lumps the 15 Plaintiffs together and the two Defendants together, and is a shotgun pleading subject to dismissal in its entirety under Rule 8(a).

Second, the SAC's First, Second, and Third Causes of Action for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, should be dismissed as to Mr. Boehm because the SAC fails to adequately allege that Mr. Boehm had direct, personal participation in or personally authorized the sending of the text messages that allegedly violated the TCPA.

Third, Plaintiffs' First Cause of Action for making calls using an automatic telephone dialing system to cellular telephones in violation of the 47 U.S.C. § 227(b)(1)(A) should be dismissed because the SAC fails to plausibly allege that the equipment Defendants allegedly used meets the definition of an automatic telephone dialing system.

Fourth, Plaintiffs' Fifth Cause of Action for invasion of privacy/intrusion upon seclusion fails because Plaintiffs' allegations of receipt of text messages are

insufficient to demonstrate conduct that "would be highly offensive to an ordinarily reasonable person" as a matter of law.

Fifth, the SAC should be dismissed to the extent it seeks more than one award of damages under 47 U.S.C. § 227(c)(5) in relation to any single text, as the plain language of the statute limits a plaintiff's recovery to one award per text, regardless of the number of regulatory provisions the text allegedly violates.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities filed concurrently herewith, the pleadings and papers on file in this Action, and upon such other matters as may be presented to the Court in Defendants' reply brief or at the hearing on this Motion.

This Motion is made following conference of counsel pursuant to Local Rule 7-3. Counsel for the parties met and conferred by telephone on October 21, 2022 but were unable to reach a resolution that would eliminate the necessity of filing this Motion.

Date:     December 2, 2022

NOSSAMAN LLP
DAVID C. LEE
JENNIFER L. MEEKER
JAMES H. VORHIS
SETH GOLDSTEIN

By:  /s/ *Seth M. Goldstein*
          Seth M. Goldstein

Attorneys for Defendants
MICHAEL BOEHM and HOSTING
RESPONSE, LLC

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

I.     INTRODUCTION ........................................................................ 10

II.    ALLEGATIONS OF THE COMPLAINT ................................... 11

III.   ARGUMENT ............................................................................... 11

    A.    The SAC Is An Impermissible Shotgun Pleading.................... 11

    B.    Plaintiffs Fail To Allege Sufficient Facts To Establish
         Defendant Boehm's Personal Liability For Violations Of The
         TCPA ...................................................................................... 13

    C.    Plaintiffs Do Not Plausibly Allege Defendants Used an ATDS
         as Defined in the TCPA ......................................................... 15

    D.    Plaintiffs Fail To State A Claim For Invasion of Privacy or
         Intrusion Upon Seclusion (Fourth Cause of Action) .............. 17

    E.    Plaintiffs Cannot Seek More Than One Award Of Damages
         Under 47 U.S.C. § 227(c)(5) Per Text ................................... 20

    F.    Plaintiffs' Claims Should Be Dismissed Without Leave to
         Amend .................................................................................... 22

IV.   CONCLUSION ........................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allison v. Wells Fargo Bank, N.A.*,
No. 22-CV-0510-BAS-AHG, 2022 WL 10756885 (S.D. Cal. Oct. 18, 2022) ................................................................................................. 16

*Anderson v. Ocwen Loan Servicing, LLC*,
No. 215CV05124SVWAGR, 2016 WL 11518592 (C.D. Cal. Feb. 24, 2016) ................................................................................................ 19

*Anthony v. Pro Custom Solar, LLC*,
No. EDCV2001968JAKKKX, 2022 WL 1634870 (C.D. Cal. Jan. 21, 2022) ................................................................................................. 16

*Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003*,
406 F. Supp. 3d 884 (D. Haw. 2019) ...................................................... 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................ 11

*Bank v. Dorfman*,
No. 18CV6457MKBST, 2021 WL 7185786, at *3-8 (E.D.N.Y. Dec. 21, 2021), *report and recommendation adopted,* No. 18CV6457MKBST, 2022 WL 341195 (E.D.N.Y. Feb. 4, 2022) .................... 13

*Bank v. Simple Health Plans, LLC*,
No. 18-6457, 2019 WL 7878570 (E.D.N.Y. Dec. 12, 2019) ............................ 14

*Bell Atl. v. Twombly*,
550 U.S. 544 (2007) ................................................................................ 12

*Borden v. eFinancial, LLC*,
No. 21-35746, 2022 WL 16955661 (9th Cir. Nov. 16, 2022) ...................... 15, 16

*Burgess v. Portfolio Recovery Assocs., LLC*,
No. CV 16–1463 DSF, 2017 WL 2471802 (C.D. Cal. Mar. 23, 2017) ................................................................................................. 18

*Champion v. Credit Pros Int'l Corp.*,
No. CV2110814JXNJBC, 2022 WL 3152657 (D.N.J. Aug. 5, 2022) . Plaintiffs' First Cause of Action ........................................... 17

*Charvat v. GVN Michigan, Inc.*,
    561 F.3d 623 (6th Cir. 2009) ........................................................................ 21, 22

*Cunningham v. Greenstar Cap. Sols., LLC*,
    No. 418CV000161ALMCAN, 2018 WL 4572711, at *5-6 (E.D.
    Tex. Aug. 1, 2018), *report and recommendation adopted,* No.
    4:18-CV-161, 2018 WL 4567706 (E.D. Tex. Sept. 24, 2018) .......................... 20

*Cunningham v. Prof'l Educ. Inst., Inc.*,
    No. 17-CV-894(ALM)(CAN), 2018 WL 6709515 (E.D. Tex. Nov.
    5, 2018) ........................................................................................................... 14

*Deegan v. Specialized Loan Servicing, LLC*,
    No. 8:19-CV-2356-MSS-CPT, 2020 WL 13356789 (M.D. Fla.
    Nov. 13, 2020) ................................................................................................ 19

*Destfino v. Reiswig*,
    630 F.3d 952 (9th Cir. 2011) ........................................................................... 13

*Drew v. Lexington Consumer Advoc., LLC*,
    No. 16-CV-00200-LB, 2016 WL 1559717 (N.D. Cal. Apr. 18,
    2016) ............................................................................................................... 19

*Drew v. Lexington Consumer Advoc.*,
    No. 16-CV-00200-LB, 2016 WL 9185292, at *10 (N.D. Cal. Aug.
    11, 2016), *report and recommendation adopted*, 2016 WL
    9223901 (N.D. Cal. Sept. 2, 2016) ................................................................. 22

*Eggleston v. Reward Zone USA LLC*,
    No. 2:20-CV-01027-SVW-KS, 2022 WL 886094 (C.D. Cal. Jan.
    28, 2022) .................................................................................................... 15, 16

*Facebook, Inc. v. Duguid, Inc.*,
    --- U.S. ---, 141 S. Ct. 1163 (2021) ................................................................ 15

*Golan v. FreeEats.com, Inc.*,
    930 F.3d 950 (8th Cir. 2019) ........................................................................... 13

*Hall v. Stankey*,
    No. 5:21-CV-111-TBR, 2021 WL 5999578 (W.D. Ky. Dec. 20,
    2021) ............................................................................................................... 14

MEMORANDUM OF POINTS AND AUTHORITIES

61107681.v1

*Hammett v. Portfolio Recovery Assocs., LLC*,
No. 4:21-CV-00189-LPR, 2022 WL 3370912 (E.D. Ark. Aug. 16,
2022) ............................................................................................................. 19

*Heidorn v. BDD Mktg. & Mgmt. Co., LLC*,
No. C-13-00229 JCS, 2013 WL 6571629, at *16 (N.D. Cal. Aug.
19, 2013), *report and recommendation adopted*, No. 13-CV-
00229-YGR, 2013 WL 6571168 (N.D. Cal. Oct. 9, 2013) ............................... 21

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272, 288 (2009) ........................................................................... 18

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal. 4th 1 (1994) ......................................................................................... 17

*Lucas v. Gotra*,
No. 18-CV-664, 2019 WL 3349957, at *7 (S.D. Ohio July 25,
2019), *adopted by*, 2019 WL 3753245, at *7 (S.D. Ohio Aug. 8,
2019) ......................................................................................................... 14, 15

*Marseglia v. JP Morgan Chase Bank*,
750 F. Supp. 2d 1171 (S.D. Cal. 2010) ............................................................ 19

*Meyer v. Portfolio Recovery Assocs., LLC*,
707 F.3d 1036 (9th Cir. 2012) ......................................................................... 15

*Miller v. Nat'l Broad. Co.*,
187 Cal. App. 3d 1463 (1986) .......................................................................... 18

*Mora v. Zeta Interactive Corp.*,
No. 16-CV-198 (DAD) (SAB), 2016 WL 3477222 (E.D. Cal. June
27, 2016) .......................................................................................................... 13

*Morgan v. N.A.R., Inc.*,
No. 2:06-CV-470 TS, 2007 WL 9783313 (D. Utah July 18, 2007) ................... 20

*Morris v. Sun Pharma Glob. Inc.*,
No. CV2010441PAJPRX, 2021 WL 3913191 (C.D. Cal. May 13,
2021) ................................................................................................................. 12

*Oppenheim v. I.C. Sys., Inc.*,
695 F. Supp. 2d 1303 (M.D. Fla.), *aff'd*, 627 F.3d 833 (11th Cir.
2010) ................................................................................................................. 19

MEMORANDUM OF POINTS AND AUTHORITIES

*Quimby v. Caliber Home Loans*,
    No. 1:14-CV-01335-JMS, 2015 WL 3751511, at *5 (S.D. Ind. Apr.
    22, 2015), *report and recommendation adopted in part,* No. 1:14-
    CV-01335-JMS, 2015 WL 3751532 (S.D. Ind. June 16, 2015).........................19

*Rector v. Wells Fargo Dealer Servs.*,
    No. CV 13–5288 DSF, 2014 WL 12603205 (C.D. Cal. May 12,
    2014)........................................................................................................... 18, 19

*Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.*,
    No. 13-CV-1347 (JCC), 2014 WL 12103245 (W.D. Wash. Nov. 4,
    2014)................................................................................................................. 13

*Rucker v. Nat'l Automotive Fin. Servs LLC*,
    No. 20-16377-MAS-TJB, 2021 WL 4482831 (D.N.J. Sept. 30,
    2021)................................................................................................................. 14

*Shadlich v. Makers Nutrition LLC*,
    No. 8:20-CV-389-T-60CPT, 2020 WL 5255133 (M.D. Fla. Sept. 3,
    2020)................................................................................................................. 19

*Shupe v. Cap. One Bank USA NA*,
    No. CV-16-00571-TUC-JGZ, 2017 WL 11112432 (D. Ariz. Dec.
    22, 2017)........................................................................................................... 19

*Sisseton-Wahpeton Sioux Tribe v. United States*,
    90 F.3d 351 (9th Cir. 1996)............................................................................22

*Smith v. Credit Corp Sols., Inc.*,
    No. 320CV01295JAHRBB, 2022 WL 959597 (S.D. Cal. Mar. 30,
    2022)................................................................................................................. 19

*Sofka v. Thal*,
    662 S.W.2d 502 (Mo. 1983)............................................................................20

*Sollberger v. Wachovia Sec., LLC*,
    No. SACV 09-0766AGANX, 2010 WL 2674456 (C.D. Cal. June
    30, 2010)........................................................................................................... 12

*Taus v. Loftus*,
    40 Cal.4th 683 (2007)......................................................................................18

MEMORANDUM OF POINTS AND AUTHORITIES

61107681.v1

**Statutes**

47 U.S.C. § 64.1200(d)(4) ............................................................................ 11, 21, 22

47 U.S.C. § 227 .................................................................................................. *passim*

47 U.S.C. § 227(a)(1) ................................................................................................ 15, 16

47 U.S.C. § 227(b)(1)(A) .................................................................................. 2, 10, 15, 16

47 U.S.C. § 227(c)(5) ....................................................................................... *passim*

**Other Authorities**

47 C.F.R. § 64.1200(a)(1)-(2) .............................................................................. 11

47 C.F.R. § 64.1200(c) ......................................................................................... 21

47 C.F.R. § 64.1200(c)(2) ............................................................................ 11, 20, 21, 22

47 C.F.R. § 64.1200(d) ......................................................................................... 21

Federal Rule of Civil Procedure, Rule 8(a)(2) ........................................................ 11

Federal Rule of Civil Procedure, Rule 41(a) ......................................................... 22

Federal Rules of Civil Procedure, Rule 8(a) ................................................ 2, 10, 12, 13

Federal Rules of Civil Procedure, Rule 12(b)(6) ........................................................ 2

MEMORANDUM OF POINTS AND AUTHORITIES

61107681.v1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Second Amended Complaint ("SAC") of Plaintiffs Joshua Champion, Asif Lundstrom, Todd Horne, Toni Kirk, Rosie Clarke, Benjamin Kelley, Peter Richardson, Teresa Alley, Scott Hall, Denise King, Tia West, Eric Peterson, Tammarrah Morris, Lynn Brown, and Nick Miller ("Plaintiffs") is replete with spurious attacks on Defendant Michael Boehm, but short on the factual allegations necessary to state a claim against Mr. Boehm or Defendant Hosting Response, LLC, a Wyoming limited liability company allegedly owned, controlled and run by Mr. Boehm.  For the reasons set forth herein, the SAC should be dismissed in its entirety.

First, the SAC improperly lumps together the two Defendants and is therefore an impermissible shotgun pleading subject to dismissal under Rule 8(a).

Second, the SAC fails to adequately allege that Mr. Boehm had direct, personal participation in or personally authorized the sending of the alleged text messages that purportedly violated the TCPA and therefore fails to state any claim for violation of the TCPA against Mr. Boehm.

Third, the SAC fails to state a claim for violation of 47 U.S.C. § 227(b)(1)(A) because it fails to plausibly allege that Defendants used an automatic telephone dialing system.

Fourth, the SAC fails to state a claim for invasion of privacy/intrusion upon seclusion because allegations regarding the volume of texts received are insufficient to demonstrate conduct that "would be highly offensive to an ordinarily reasonable person" as a matter of law.

Fifth, section 227(c)(5) of TCPA limits a plaintiff to one award of damages per text in violation of its implementing regulations, regardless of whether the text violated only one provision or multiple provisions of the regulations. Plaintiffs'

1   attempt to seek more than one award of damages under 47 U.S.C. § 227(c)(5) in

2   relation to the same text message should be dismissed.

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiffs allege that they have received a collective total of 1,704 telemarketing text messages from Defendants, with the number of text messages allegedly received by each Plaintiff ranging from two (Plaintiffs Morris, Brown and Miller) to 1,473 (Plaintiff Champion), with all but two Plaintiffs receiving less than 32 text messages. According to the SAC, Defendants sent these text messages to Plaintiffs using an automatic telephone dialing system ("ATDS") without the prior express consent of Plaintiffs. The SAC further alleges that Defendants sent at least 1,660 of these messages to Plaintiffs' telephone numbers after Plaintiffs had registered the numbers on the national Do Not Call Registry.

Based on these allegations, Plaintiffs purport to assert four causes of action for (1) violation of 47 C.F.R. § 64.1200(a)(1)-(2); (2) violation of 47 C.F.R. § 64.1200(c)(2); (3) violation of 47 U.S.C. § 64.1200(d)(4); and (4) invasion of privacy & intrusion upon seclusion.

## III.   ARGUMENT

### A.   The SAC Is An Impermissible Shotgun Pleading

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. v. Twombly,* 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

MEMORANDUM OF POINTS AND AUTHORITIES

61107681.v1

Rather, Rule 8 calls for a complaint to contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 557

Closely related to plausibility is the concept of shotgun pleading. *Sollberger v. Wachovia Sec., LLC,* No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Id.* "One common type of impermissible shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong." *Morris v. Sun Pharma Glob. Inc.*, No. CV2010441PAJPRX, 2021 WL 3913191, at *3 (C.D. Cal. May 13, 2021) (holding complaint was impermissible shotgun pleading where it lumped defendants together without identifying what each of the defendants allegedly did); *Sollberger*, 2010 WL 2674456, at *4

Here, Plaintiffs engage in precisely the type of improper grouping of defendants prohibited by Rule 8(a). The SAC alleges in multiple places that "Defendants" did certain things, without making specific allegations about specific Defendants. Doc. 34, ¶¶ 37-41, 46-50, 54, 56. Plaintiffs' improper lumping of Defendants is compounded by their lumping together of the 15 Plaintiffs and of the 1,704 text messages the 15 Plaintiffs allegedly received. *See, e.g.,* Doc. 34, ¶¶ 33-38, 52-53. This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong and by which Plaintiffs, and is impermissible. *Sollberger,* 2010 WL 2674456, at *5 (complaint's impermissible lumping of defendants warranted dismissal); *Morris,* 2021 WL 3913191, at *3

(same); *Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003,* 406 F. Supp. 3d 884, 903–04 (D. Haw. 2019) (dismissal was warranted under Rule 8(a) where complaint used impermissible group pleading); *see also Destfino v. Reiswig*, 630 F.3d 952, 958-59 (9th Cir. 2011) (approving the district court's dismissal based on Plaintiffs' "everyone did everything" allegations).  Accordingly, the Court should dismiss Plaintiffs' SAC in its entirety.

### B.       Plaintiffs Fail To Allege Sufficient Facts To Establish Defendant Boehm's Personal Liability For Violations Of The TCPA

Plaintiffs' shotgun pleading fails to adequately allege the nature of the relationship between Defendant Boehm and Defendant Hosting Response or the role Boehm plays in Hosting Response's operations. Plaintiffs allege only that "Hosting Response is owned, controlled, and run by Defendant Boehm" and "is the entity through which Boehm operates." Doc. 34, ¶¶ 10, 32. However, an individual's status as an owner or corporate officer is not in and of itself enough to establish that individual's liability for the corporation's alleged violations of the TCPA.  *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 960-61 (8th Cir. 2019); *see also Bank v. Dorfman,* No. 18CV6457MKBST, 2021 WL 7185786, at *3–8 (E.D.N.Y. Dec. 21, 2021), *report and recommendation adopted,* No. 18CV6457MKBST, 2022 WL 341195 (E.D.N.Y. Feb. 4, 2022) (allegations that individual owned and was CEO of company, standing alone, did not support individual's liability for company's alleged TCPA violations).

Corporate officers may be held personally liable for violations of the TCPA only if the officer "had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Mora v. Zeta Interactive Corp.*, No. 16-CV-198 (DAD) (SAB), 2016 WL 3477222, at *2 (E.D. Cal. June 27, 2016); *Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.*, No. 13-CV-1347 (JCC), 2014 WL 12103245, at *6 (W.D. Wash. Nov. 4, 2014); *see also Golan*, 930 F.3d at 960-61("For direct liability to attach, it is necessary not just for the corporate officer to

have 'active oversight or control over' the TCPA violation, but to 'take the steps necessary to physically place a telephone call.'). Thus, in a case involving allegations of text messages sent with an automated telephone dialing system or in violation of the do-not-call registry, a corporate officer may be liable only where he or she has directly and personally participated in or authorized the specific operation of the automated telephone dialing system that resulted in the sending of the alleged text messages at issue.

Courts routinely conclude that a plaintiff fails to state a TCPA claim where he fails to plausibly allege that a corporate officer "had any direct, personal participation in the calls directed at" the plaintiff. *Hall v. Stankey*, No. 5:21-CV-111-TBR, 2021 WL 5999578, at *6–7 (W.D. Ky. Dec. 20, 2021); *Rucker v. Nat'l Automotive Fin. Servs LLC*, No. 20-16377-MAS-TJB, 2021 WL 4482831, at *3 (D.N.J. Sept. 30, 2021); *Bank v. Simple Health Plans, LLC*, No. 18-6457, 2019 WL 7878570, at *6 (E.D.N.Y. Dec. 12, 2019). Similarly, courts "have consistently found that conclusory allegations that corporate officers personally participated in violations of the TCPA are insufficient to state a claim" against the officers. *Bank*, 2019 WL 7878570, at *7; *Lucas v. Gotra*, No. 18-CV-664, 2019 WL 3349957, at *7 (S.D. Ohio July 25, 2019), *adopted by*, 2019 WL 3753245, at *7 (S.D. Ohio Aug. 8, 2019); *Cunningham v. Prof'l Educ. Inst., Inc.*, No. 17-CV-894(ALM)(CAN), 2018 WL 6709515, at *4 (E.D. Tex. Nov. 5, 2018).

Here, Plaintiffs have failed to sufficiently allege Mr. Boehm's personal involvement in the sending of the specific text messages Plaintiffs received. Nowhere do Plaintiffs allege that Mr. Boehm himself operated the ATDS that allegedly sent the text messages they received. Nor do they allege that Mr. Boehm authorized the operation of the ATDS which caused the texts to be sent or selected the numbers to which they were sent. Although Plaintiffs allege that "Boehm is the one personally running the operation [of Hosting Response] and sending the spam" (Doc. 34, ¶ 10), courts have consistently held that such threadbare allegations are

insufficient to state a TCPA claim against a corporate officer, as noted above. *See, e.g.*, *Lucas*, 2019 WL 3349957, at *7 (recommending dismissal where the plaintiff merely alleged that corporate officers "personally formulated, [or] directed, [or] controlled, [or] had the authority to control, or participated in the acts and practices of [the corporation]"). Plaintiffs have therefore failed to state any claim under the TCPA for which relief can be granted against Mr. Boehm.

### C.   Plaintiffs Do Not Plausibly Allege Defendants Used an ATDS as Defined in the TCPA

To state a claim under 47 U.S.C. § 227(b)(1)(A) and its implementing regulations, a plaintiff must plausibly allege that "(1) the defendant called a cellular telephone number; (2) using an [ATDS]; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1042-43 (9th Cir. 2012). The statute defines an ATDS as "equipment which has the capacity (A) to store or produce phone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The Supreme Court recently held that this definition of an ATDS "requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." *Facebook, Inc. v. Duguid, Inc.*, --- U.S. ---, 141 S. Ct. 1163, 1170 (2021); *see also id.* at 1167 ("To qualify as an '[ATDS],' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator."); *Borden v. eFinancial, LLC*, No. 21-35746, 2022 WL 16955661, at *1 (9th Cir. Nov. 16, 2022) ("We hold that an '[ATDS]' must generate and dial random or sequential telephone numbers under the TCPA's plain text."); *Eggleston v. Reward Zone USA LLC*, No. 2:20-CV-01027-SVW-KS, 2022 WL 886094, at *4 (C.D. Cal. Jan. 28, 2022) ("The text and purpose of the TCPA, as well as cases from around the Ninth Circuit, illustrate

MEMORANDUM OF POINTS AND AUTHORITIES

that, to be an autodialer under § 227(a)(1), the equipment must use a number generator to generate the phone numbers *themselves*.").

Here, Plaintiffs have failed to adequately allege that Mr. Boehm or Hosting Response texted them using equipment within the definition of an ATDS. Plaintiffs' only allegation regarding the device allegedly used by Defendants states:

> The text messages were sent using an Automatic Telephone Dialing System ("ATDS"). This is based on the following facts:
>
> i. there are 15 Plaintiffs who have all reported spam that was sent by Defendants;
>
> ii. none of these 15 Plaintiffs ever provided their number to Defendants, indicating their phone numbers were randomly or sequentially generated and produced;
>
> iii. when a recipient responded to the text message, nobody replied;
>
> iv. each text messages came from different phone numbers; and
>
> v. the telephone numbers that the text messages came from are provided by Onvoy, Twilio, and Commio, each of which allows callers to configure and send automated text messages en masse.

Doc 34, ¶ 50.

It is well-settled, however, that such conclusory allegation are insufficient to state a claim under Section 227(b)(1)(A). The Ninth Circuit and district courts within it have therefore repeatedly dismissed (or affirmed the dismissal) of complaints that merely recited the statutory definition of an ATDS or that simply stated that the defendant used an ATDS. *See, e.g., Borden v. eFinancial, LLC,* 2022 WL 16955661, at *1; *Allison v. Wells Fargo Bank, N.A.,* No. 22-CV-0510-BAS-AHG, 2022 WL 10756885, at *2 (S.D. Cal. Oct. 18, 2022); *Eggleston v. Reward Zone USA LLC*, 2022 WL 886094, at *4; *Anthony v. Pro Custom Solar,*

MEMORANDUM OF POINTS AND AUTHORITIES
61107681.v1

*LLC*, No. EDCV2001968JAKKKX, 2022 WL 1634870, at *4 (C.D. Cal. Jan. 21, 2022); *see also Champion v. Credit Pros Int'l Corp.*, No. CV2110814JXNJBC, 2022 WL 3152657, at *3–4 (D.N.J. Aug. 5, 2022) (dismissing complaint of Plaintiff Champion for failure to plausibly allege the use of an ATDS). Plaintiffs' First Cause of Action must therefore be dismissed.

### D.   Plaintiffs Fail To State A Claim For Invasion of Privacy or Intrusion Upon Seclusion (Fourth Cause of Action)

To state a violation of California's constitutional right to privacy,[1] a plaintiff must allege "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant constituting a serious invasion of privacy." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 40 (1994). The third element requires the invasion to be "sufficiently serious in [its] nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Id.* at 37.

With respect to intrusion upon seclusion, California has adopted the formulation of the tort set forth in section 652B of the Restatement (Second) of Torts: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to

---

[1] Plaintiffs appear to assert their state law claims under California law notwithstanding that none of the Plaintiffs are alleged to be residents of California or to have received the alleged text messages in California. Doc. 34, ¶ 66 (citing *Miller v. Nat'l Broad. Co.,* 187 Cal. App. 3d 1463 (1986) regarding invasion of privacy). Defendants do not concede that California law applies to Plaintiffs' state law claims; but, as Plaintiffs' allegations fail to state a claim for invasion of privacy/intrusion upon seclusion under both California law and the law of the states in which Plaintiffs reside or received the texts at issue, Defendants do not raise the choice-of-law issue here. To the extent that Plaintiffs' allegations were deemed to state a claim for invasion of privacy/intrusion upon seclusion under California law, Defendants reserve the right to argue at a future date that the law of the state in which a Plaintiff resides and received the texts at issue should be applied to that Plaintiffs' state law claims.

61107681.v1

the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person." *Taus v. Loftus*, 40 Cal.4th 683, 724 (2007) (quoting Rest. (Second) of Torts § 652B). Thus, to state a claim for intrusion upon seclusion under California law, a plaintiff must allege "(1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." *Id.* (quoting *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 231 (1998)). The second element, offensiveness of the intrusion, requires consideration of "the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." *Miller v. Nat'l Broad. Co.,* 187 Cal. App. 3d 1463, 1483-84 (1986).

The California Supreme Court has recognized that "the largely parallel elements of these two causes of action" require a court to consider "(1) the nature of any intrusion upon reasonable expectations of privacy, and (2) the offensiveness or seriousness of the intrusion, including any justification and other relevant interests." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 288 (2009). Here, Plaintiffs have failed to allege a sufficiently "offensive" or "serious" intrusion to support a claim for invasion of privacy or intrusion upon seclusion. Each Plaintiff alleges only that Defendants sent them a number of telemarketing text messages (ranging from two to 1,473) over a period of time (ranging from one day to 27 months) (Doc. 34, ¶¶ 16-30 & Ex. A), and that the "volume" of these messages would be offensive to any reasonable person (*id.* ¶¶ 80-81).

However, "call volume, without more, is insufficient to demonstrate conduct that 'would be highly offensive to an ordinarily reasonable person.'" *Rector v. Wells Fargo Dealer Servs.*, No. CV 13–5288 DSF (MANx), 2014 WL 12603205, at *2 (C.D. Cal. May 12, 2014). Courts routinely conclude that the "mere number of phones calls by a [defendant] cannot support a claim of intrusion on seclusion" under California law. *Burgess v. Portfolio Recovery Assocs., LLC*, No. CV 16–

MEMORANDUM OF POINTS AND AUTHORITIES

1463 DSF (FFMx), 2017 WL 2471802, at *5 (C.D. Cal. Mar. 23, 2017) (concluding that 16 calls cannot, without other evidence of highly offensive conduct, support a claim for intrusion upon seclusion); *see also Smith v. Credit Corp Sols., Inc.*, No. 320CV01295JAHRBB, 2022 WL 959597, at *8 (S.D. Cal. Mar. 30, 2022) (same with respect to 24 calls); *Drew v. Lexington Consumer Advoc., LLC*, No. 16-CV-00200-LB, 2016 WL 1559717, at *7–8 (N.D. Cal. Apr. 18, 2016) (same with respect to six unsolicited text messages); *Anderson v. Ocwen Loan Servicing, LLC*, No. 215CV05124SVWAGR, 2016 WL 11518592, at *4–5 (C.D. Cal. Feb. 24, 2016) (same with respect to allegations of up to three calls a day over the course of nine months); *Rector,* 2014 WL 12603205, at *2 (same with respect to 40 calls); *Marseglia v. JP Morgan Chase Bank,* 750 F. Supp. 2d 1171, 1178 (S.D. Cal. 2010) (same with respect to 50 calls in one week).[2] Plaintiffs –

---

[2] Courts routinely reach the same conclusion under the law of other states, including the states in which the various Plaintiffs reside and received the alleged texts at issue. *See, e.g., Hammett v. Portfolio Recovery Assocs., LLC*, No. 4:21-CV-00189-LPR, 2022 WL 3370912, at *27 (E.D. Ark. Aug. 16, 2022) (concluding that evidence of 45 calls over three-month period failed to establish intrusion upon seclusion under Arkansas law); *Shupe v. Cap. One Bank USA NA*, No. CV-16-00571-TUC-JGZ, 2017 WL 11112432, at *2 (D. Ariz. Dec. 22, 2017) (allegations of two calls a day for more than two months failed to state claim for intrusion under Arizona law); *Oppenheim v. I.C. Sys., Inc.,* 695 F. Supp. 2d 1303, 1308–10 (M.D. Fla.), *aff'd,* 627 F.3d 833 (11th Cir. 2010) (35 to 40 telephone calls to plaintiff's residence over a period of three months did not rise to the requisite level of outrageous and unacceptable conduct required by Florida law to support a cause of action for invasion of privacy based on intrusion); *Deegan v. Specialized Loan Servicing, LLC*, No. 8:19-CV-2356-MSS-CPT, 2020 WL 13356789, at *6 (M.D. Fla. Nov. 13, 2020) (same with respect to allegations of 200 calls); *Shadlich v. Makers Nutrition LLC*, No. 8:20-CV-389-T-60CPT, 2020 WL 5255133, at *2–3 (M.D. Fla. Sept. 3, 2020) (same with respect to allegations of 98 calls); *Quimby v. Caliber Home Loans*, No. 1:14-CV-01335-JMS, 2015 WL 3751511, at *5 (S.D. Ind. Apr. 22, 2015), *report and recommendation adopted in part,* No. 1:14-CV-01335-JMS, 2015 WL 3751532 (S.D. Ind. June 16, 2015) (allegations of telephone calls failed to state claim because intrusion upon seclusion under Indiana law requires "an intrusion upon plaintiff's physical solitude or seclusion by invading his

most of whom are alleged to have received less than 35 texts and none of whom are alleged to have received, on average, more than two texts per day[3] – have failed to state a claim for invasion of privacy/intrusion upon seclusion and their Fourth Cause of Action must be dismissed.

**E.    Plaintiffs Cannot Seek More Than One Award Of Damages Under 47 U.S.C. § 227(c)(5) Per Text**

Plaintiffs purport to bring two causes of action under 47 U.S.C. § 227(c)(5): one for text messages allegedly sent in violation of 47 C.F.R. § 64.1200(c)(2) (i.e.,

---

home or conducting an illegal search"); *Sofka v. Thal*, 662 S.W.2d 502, 510, 511 (Mo. 1983) (holding that six to eight calls over the course of several months could not possibly amount to a highly offensive intrusion under Missouri law); *Cunningham v. Greenstar Cap. Sols., LLC*, No. 418CV000161ALMCAN, 2018 WL 4572711, at *5-6 (E.D. Tex. Aug. 1, 2018), *report and recommendation adopted*, No. 4:18-CV-161, 2018 WL 4567706 (E.D. Tex. Sept. 24, 2018) (dismissing claim for intrusion under Texas law because allegations of 47 calls failed to demonstrate either a physical intrusion into plaintiff's seclusion or an intrusion that would be highly offensive to a reasonable person); *Morgan v. N.A.R., Inc.*, No. 2:06-CV-470 TS, 2007 WL 9783313, at *4 (D. Utah July 18, 2007) (plaintiff failed to state claim under Utah law for invasion of privacy based on intrusion upon seclusion because defendants' collection activity and corresponding communications would not be highly offensive to a reasonable person)

[3] Plaintiffs Morris and Miller each allege receipt of two texts on a single day. Doc. 11, ¶¶ 28, 30 & Ex. A. Plaintiff Brown alleges receipt of two texts over two days. *Id.*, ¶ 29. Plaintiff Peterson alleges receipt of four texts over three days. *Id.*, ¶ 27. Plaintiff West alleges receipt of five texts over four months. *Id.*, ¶ 26. Plaintiff King alleges receipt of six texts over two weeks. *Id.*, ¶ 25. Plaintiff Hall alleges receipt of eight texts over 25 days. *Id.*, ¶ 24. Plaintiff Alley alleges receipt of eight texts over four days. *Id.*, ¶ 23. Plaintiff Richardson alleges receipt of nine texts over 48 days. *Id.*, ¶ 22. Plaintiff Kelley alleges receipt of 10 texts over 60 days. *Id.*, ¶ 21. Plaintiff Clarke alleges receipt of 15 texts over three weeks. *Id.*, ¶ 20. Plaintiff Kirk alleges receipt of 29 texts over 34 days. *Id.*, ¶ 19. Plaintiff Horne alleges receipt of 31 texts over a two-month period. *Id.*, ¶ 18. Plaintiff Lundstrom alleges receipt 102 texts over 107 days. *Id.*, ¶ 17. Plaintiff Champion alleges receipt of 1,473 texts over 27 months. *Id.*, ¶ 16.

to telephone numbers Plaintiffs had registered on the national do-not-call registry) and one for text messages allegedly sent in violation of 47 C.F.R. § 64.1200(d)(4) (i.e., without required disclosures regarding the identity of the sender). Doc. 11, ¶¶ 77-84. They seek at least $2,490,000 for violations of 47 C.F.R. § 64.1200(c)(2) and at least $2,556,000 for violations of 47 C.F.R. § 64.1200(d)(4). *Id.* at 16.

Although Plaintiffs' shotgun pleading makes it impossible to be certain, it appears that the two causes of action are based on the same text messages. However, "[t]he TCPA does not allow for the award of statutory damages for each violation of section 227(c) during a call, but instead limits statutory damages to one award per call." *Charvat v. GVN Michigan, Inc.,* 561 F.3d 623, 631–32 (6th Cir. 2009).

The statute allows "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violations of the regulations prescribed under the subsection" to bring "(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, or (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater," or both. 47 U.S.C. § 227(c)(5). The plain language of § 227(c)(5) "indicates that a telephone call that violates more than one provision of the regulations is considered to be a single violation rather than multiple violations." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, No. C-13-00229 JCS, 2013 WL 6571629, at *16 (N.D. Cal. Aug. 19, 2013), *report and recommendation adopted*, No. 13-CV-00229-YGR, 2013 WL 6571168 (N.D. Cal. Oct. 9, 2013) (holding that call that violated both 47 C.F.R. § 64.1200(c) and § 1200(d) counted as single violation for purposes of damages); *see also Charvat*, 561 F.3d at 631-32 ("[T]his language unambiguously allows for statutory damages on only a per-call basis."). Thus, a plaintiff is "entitled to statutory damages based on ... the number of telephone calls ... made in violation of the regulations, regardless of whether the

telephone calls violated only one provision or multiple provisions of the regulations." *Id.*; *see also Drew v. Lexington Consumer Advoc.*, No. 16-CV-00200-LB, 2016 WL 9185292, at *10 (N.D. Cal. Aug. 11, 2016), *report and recommendation adopted*, 2016 WL 9223901 (N.D. Cal. Sept. 2, 2016) (holding plaintiff could only recover for six § 227(c) violations because, although plaintiff sufficiently pled thirteen distinct violations of three different regulatory requirements, they all arose from the same six text messages). Accordingly, Plaintiffs' Prayer for Relief must be dismissed to the extent it seeks one award of damages for a text's alleged violation of 47 C.F.R. § 64.1200(c)(2) and a second award of damages for the same text's alleged violation of 47 C.F.R. § 64.1200(d)(4).

### F.    Plaintiffs' Claims Should Be Dismissed Without Leave to Amend

Federal Rule of Civil Procedure 41(a) provides that the Court may dismiss Plaintiffs' SAC "on terms that the court considers proper." In determining whether leave to amend is warranted, the Court considers a party's bad faith; undue delay; prejudice to the opposing party; futility; and whether the plaintiff has previously amended his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). For the reasons stated above, Plaintiffs cannot correct their pleading. Any possible amendment would be futile.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion and issue an order dismissing the SAC and all causes of action stated therein with prejudice.

61107681.v1

Date:     December 2, 2022

NOSSAMAN LLP
DAVID C. LEE
JENNIFER L. MEEKER
JAMES H. VORHIS
SETH GOLDSTEIN

By:  /s/ *Seth M. Goldstein*
          Seth M. Goldstein

Attorneys for Defendants
MICHAEL BOEHM and HOSTING
RESPONSE, LLC

- 23 -

61107681.v1